# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 820 | **DATE** | 4/16/2012 |
| **CASE TITLE** | Technology Licensing Corporation vs. Harris Corporation | | |

**DOCKET ENTRY TEXT**

With the exception of the plaintiff's choice of forum, the factors for analyzing a transfer of venue pursuant to Section 1404 are either neutral, or undeveloped by the movants. Therefore, the Court denies Defendants' motion to transfer and *Harris* and *Ross Video II* cases will remain in the Northern District of Illinois.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Technology Licensing Corporation ("TLC") sued Harris Corporation ("Harris") in February 2009 for infringement of U.S. Patent Nos. RE 40,411E (the "'411 Patent") and RE 40,412E (the "'412 Patent"), Case Number 09-820 ("*Harris*"). TLC sued Ross Video, Ltd. ("Ross") in September 2011, also for infringement of the '411 Patent and the '412 Patent, as well as infringement of U.S. Patent No. 5, 550,594 (the "'594 Patent") ("*Ross Video II*"). The Court previously found *Harris* and *Ross Video II* to be related. Harris and Ross now move for dismissal or, in the alternative, transfer to the Northern District of California. For the reasons stated herein, Ross and Harris' motions are denied.

**Background**

In February 2009, TLC commenced *Harris*. In May 2009, Harris filed counterclaims against TLC plus a third-party complaint against Pixel Instruments Corporation ("Pixel") and J.Carl Cooper ("Cooper"). This Court stayed *Harris* in June 2009 pending resolution of an ongoing infringement action between TLC and Intersil Corporation ("Intersil") then pending in the Northern District of California before Judge Seeborg ("*Intersil*"). *Intersil* was reassigned to with the Northern District of California to Judge Seeborg, being related to an ongoing before him between TLC and Gennum Corporation ("Gennum") for infringement of the same patents - a case all parties refer to as *Videotek*. Shortly after *Harris* was stayed in summer 2009, TLC filed a third-party complaint for infringement in *Intersil* against Ross, alleging infringement of both Intersil products and Gennum products ("*Ross Video I*"). At the request of Ross, Judge Seeborg deferred *Ross Video I* pending resolution of *Intersil*. On October 15, 2010, TLC and Intersil entered into a settlement and license agreement (the "*Intersil* Settlement"), and *Intersil* was closed. In September, 2011, TLC filed a motion to end deferral of *Ross Video I*. Judge Seeborg ruled that *Ross Video I* (both the TLC claims against Ross, and the Ross counterclaims against TLC), had been dismissed by the agreed stipulation of dismissal that followed the *Intersil* Settlement. Judge Seeborg also ruled that while TLC's claims against Ross with respect to non-Intersil products might have been

| STATEMENT |
|---|

preserved by the terms of the *Intersil* Settlement, any such claims needed to be filed as a separate action.

On October 17, 2011, TLC filed its Complaint in this district in *Ross Video II*, accusing Ross of infringing the '411 patent, the '412 patent, and U.S. Patent No. 5,550,594 (the "'594 Patent"). On January 12, 2012, *Ross Video II* was reassigned to this Court for relatedness to *Harris*. Ross and Harris now seek joint transfer of their cases to the Northern District of California pursuant to 28 U.S.C. §1404. Ross also moved for reconsideration of the ruling in *Ross Video I* that Ross' counterclaims had been stipulated dismissed. On March 2, 2012, Judge Seeborg denied Ross' motion for reconsideration in *Ross Video I*; therefore, both *Ross Video I* and *Intersil* remain closed, and the Court is not aware of any pending litigation regarding Harris or Ross and the patents at issue in the Northern District of California.

**Standard of Review**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding a motion to transfer venue in a patent case under Section 1404, the law of the regional circuit applies. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed Cir. 2011); *accord Vanguard Research, Inc. v. PEAT, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002). In the Seventh Circuit, the party moving for a transfer of venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-220 (7th Cir. 1986). District courts have broad discretion to grant or deny a motion to transfer. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). In ruling on a motion for transfer under Section 1404, the court considers the 1404(a) factors "in light of all the circumstances of the case", an analysis that "necessarily involves a large degree of subtlety and latitude" including the relative weight to give to each of the factors relative to the others. *Coffey*, 796 F.2d at 219.

**Discussion**

*Convenience of the Parties and Witnesses*
The factors the court must evaluate with regard to the "convenience of the parties and witnesses" referenced in Section 1404 are: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in respective forums. *See, e.g., Millennium Prods., Inc. v. Gravity Boarding Co. Inc.*, 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000).

The first of the convenience factors, the plaintiff's choice of forum, favors denial of transfer. TLC elected to file *Harris* and *Ross Video II* in the Northern District of Illinois. Courts typically defer to the plaintiff's choice of forum, particularly when the plaintiff resides in the district selected. *See FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979). When a plaintiff brings charges in a venue that is not its home forum, the choice of forum is entitled to less deference, as the presumption that its forum is convenient applies with less force. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). TLC does not dispute that it has no residence or operations here, and that the district has no connection to the events underlying the suits; by the same token, the Northern District of California is not the home district or site of operations of either of the Defendants. Given that no party can show that Illinois is less convenient than California, the Plaintiff's choice of forum should be afforded deference.

The second factor, the situs of material events in the case, is largely irrelevant in patent cases, as "the location in which the allegedly infringing product is designed, produced, shipped, sold or purchased does not

weigh in favor of either party." *See, e.g., MPH Techs. OY v. Zyxel Commc'ns. Corp.*, 2010 WL 2836734 (N.D. Ill. July 16, 2010), citing *Kolcraft Enters. v. Chicco USA, Inc.*, 2009 U.S. Dist. LEXIS 13871 (N.D. Ill. Oct. 23, 2009). All parties agree that this factor is neutral in the present analysis.

The third factor, ease of access to evidence, also has little import in patent cases. *Accord Abbott Labs. v. Church & Dwight*, 2007 WL 3120007 (N.D. Ill. Oct. 23, 2007). As noted by this district in similar circumstances, "no matter where the trial is held, all relevant documents - regarding both the patented invention and the allegedly infringing technology - will have to be collected, copied, and sent to the offices of trial counsel" - in this case, in Chicago and in Palo Alto. *CoolSavings.com, Inc. v. IQ.Commerce Corp.*, 53 F. Supp. 2d 1000, 1006 (N.D. Ill. 1999). Therefore, this factor is neutral and does not weigh in favor of, or against, transfer.

The fourth and fifth factors, convenience of the parties and witnesses, do not favor transfer of this case to the Northern District of California based on the information provided to the Court at this stage in the case. The parties agree that neither TLC, Ross, nor Harris reside or have any meaningful presence in either Illinois or California, other than their products being sold in each district. The convenience of witnesses is often referred to as the most important of the 1404 factors. *See*, *e.g., Schwarz v. Nat'l Van Lines*, *Inc.*, 317 F. Supp. 2d 829, 836 (N.D Ill. 2004). Witnesses who are employees of the parties to these cases will not be inconvenienced by the cases proceeding in Illinois, because neither party resides in either Illinois and California, and in any event will bear the expense of transporting their own employees to and from Chicago to testify as witnesses here. Several other courts in this district agree that parties seeking transfer should be able specify particular third party witnesses who reside outside the district and whose testimony will be needed, and generally explain the nature of their testimony. *See, e.g., Humphries v. Coppercrest Leveraged Mortg. Fund*, 2012 WL 527528 (N.D. Ill. Feb. 15, 2012) ("[A] movant cannot meet its burden with only vague statements about the inconvenience imposed by the litigation on non-party witnesses"); *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006) ("The party seeking transfer must specify the key witnesses to be called and make a generalized statement on their testimony.") Neither Defendant has provided evidence as to particular witnesses who are not employees of the parties, and who could not be reasonably relied upon to travel to Illinois for testimony as needed.

### *Interest of Justice*
Under Section 1404(a), the Court must also weigh the "interest of justice" in determining whether to transfer venue. In cases where jurisdiction is not grounded in diversity, the "interest of justice" test concerns the efficient function of the courts generally. *See Coffey*, 796 F.2d at 221.

TLC asserts that it elected to file suit in the Northern District of Illinois on account of this district's expertise in patent cases and its participation in the Patent Pilot Program. The Northern District of California certainly has the necessary legal experience or internal organization to decide cases such as the ones presented here, but as shown by the increased filings of patent cases in this district since the introduction of the Patent Pilot Program, the expediency of patent discovery and trials promoted by the Patent Pilot Program is a material consideration for many patent plaintiffs, and will not be discounted.

Ross, on the other hand, attempts to rely on the first-to-file rule in order to claim that the *Intersil* case should merit transfer to the Northern District of California. The Court declines to rely on the first-to-file rule in this case because the first-to-file rule involves districts in which related cases are ongoing, and there exists a danger of simultaneous rulings in two different venues. *See, e.g., Bajer Design and Mktg., Inc. V. Whitney Design, Inc.*, 2009 WL 1849813 (first-to-file exists to prevent simultaneous litigation of infringement and/or declaration of non-infringement of the same patent in two different courts)**.** *Intersil* has been closed, and Judge Seeborg recently declined Ross' motion to reconsider his decision to bar Ross' previous counterclaims as well.[1]

**STATEMENT**

With no pending case in the Northern District of California, the first-to-file rule will not factor into the 1404 analysis.

### Conclusion

With the exception of the plaintiff's choice of forum, the factors for analyzing a transfer of venue pursuant to Section 1404 are either neutral, or undeveloped by the movants. Therefore, the Court denies Defendants' motion to transfer and *Harris* and *Ross Video II* cases will remain in the Northern District of Illinois.

1. Because Ross grounded its request for dismissal on the first-to-file rule, which rule no longer applies given the recent denial of Ross' request to reopen the *Intersil* case, Ross' dismissal motion is denied as moot.